## HUGHES, ADMX., v. SCHULTZ.

*Negligence—Directed verdict erroneous—Passenger struck by automobile after alighting from street car—Excessive speed—Crossing street in rear of street car—Negligence by pedestrian not presumed.*

1. In an action for damages for wrongful death, caused by being struck by defendant's automobile, it is error for the court to direct a verdict for defendant at the close of plaintiff's evidence, where such evidence tends to prove that deceased alighted from a street car, passed around the rear thereof and was starting across the street when struck by an automobile owned and driven by defendant, and that, at the time of the accident, it was being driven at an unlawful rate of speed, estimated as high as fifty miles per hour.

2. In such case an allegation in plaintiff's petition and evidence to the effect that deceased alighted from the rear of the street car, passed around the rear of it, started to cross the street, and had gone but a few feet when struck, do not raise a presumption of negligence on the part of deceased.

(Decided January 29, 1923.)

ERROR: Court of Appeals for Hamilton county.

*Messrs. Williams & Ragland,* for plaintiff in error.

*Messrs. Worthington, Strong, Stettinius & Hollister,* for defendant in error.

HAMILTON, P. J.   The action below was for damages for the wrongful death of Grace Catherine Hughes, caused by being struck by an automobile, owned and driven by the defendant in error.

The mishap occurred at the corner of Herbert

avenue and Montgomery road, Cincinnati, Ohio, between ten and eleven o'clock at night.

At the close of plaintiff's evidence, defendant in error, who was defendant below, moved for an instructed verdict, which motion was granted by the court. Judgment was entered on the verdict and error is prosecuted here to reverse that judgment.

The law is well settled that if there is any evidence tending to prove the allegations of the petition, the cause should be submitted to the jury under proper instructions. *Gibbs* v. *Village of Girard,* 88 Ohio St., 34.

The plaintiff introduced evidence tending to show that the deceased alighted from a street car, passed around the rear thereof, and was starting to cross the street when she was struck by a large touring car, belonging to and driven by the defendant.

The evidence further tends to show that at the time the touring car was being driven at a rapid and unlawful rate of speed, a speed estimated as high as fifty miles an hour.

The defendant in error claims that the judgment should stand, as under the allegations of the petition and the evidence, a presumption of negligence on the part of the deceased was raised. It is urged that this presumption is raised by the allegations and evidence that deceased alighted from the rear of the street car and passed around the rear of it, that she started to cross the street and had gone but a few feet when struck. How this could raise a presumption of negligence, we are unable to see. Even if an inference could be properly drawn that she did not use due care in

looking, it is the function of the jury to draw this inference and to find the ultimate fact. *Stugard, Admr.,* v. *P., C., C. & St. L. Ry. Co.,* 92 Ohio St., 318; *Vignola* v. *New York Central Rd. Co.,* 102 Ohio St., 194, and *Schnable* v. *C., C., C. & St. L. Ry. Co.,* 102 Ohio St., 97.

Whether or not the automobile was negligently operated, and, if negligently operated, whether this was the proximate cause of the injury, and whether or not the deceased exercised due care on her part, were all questions to be first submitted to the jury.

For error of the trial court in granting the motion for an instructed verdict, the judgment will be reversed, and the cause remanded for a new trial.

*Judgment reversed, and cause remanded.*

CUSHING and BUCHWALTER, JJ., concur.